UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20804-SINGHAL(s)

UNITED STATES OF AMERICA

v.

HANAH CHAN,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **HANAH CHAN** (hereinafter referred to as the "defendant"), a United States citizen, enter into the following agreement:

1. *Pleading Guilty to the Count 1 and Count 2 of the Superseding Information.* The defendant agrees to plead guilty to Count 1 and Count 2 of the Superseding Information. Count 1 charges the defendant with conspiracy to structure transactions to avoid reporting requirements, in violation of Title 18, United States Code, Section 371. Count 2 charges the defendant with structuring a transaction to avoid reporting requirements, in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2) and Title 18, United States Code, Section 2.

2. *Dismissal.* The United States agrees to dismiss counts 5 and 6 of the Indictment against this defendant, after sentencing on the Information.

3. *Sentencing Guidelines.* The defendant is aware that the sentence will be imposed by the Court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter, the "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable

Page **1** of **10**

guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the United States Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw her plea solely as a result of the sentence imposed.

4. *Information Provided to USPO.* This Office reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. *Penalties.* The defendant understands and acknowledges that the following statutory penalties apply in this case:

a. *Imprisonment.* As to Count 1 of the Superseding Information, pursuant to Title 18, United States Code, Section 371, the Court may impose up to a statutory maximum term of imprisonment of five (5) years. As to Count 2 of the Superseding Information, pursuant to Title

31, United States Code, Section 5324(d)(2), the Court may impose up to a statutory maximum term of imprisonment of ten (10) years.

   b. *Supervised Release.* Pursuant to Title 18, United States Code, Section 3583(b)(2), the Court may impose supervised release of up to three (3) years as to each count.

   c. *Special Assessments.* Pursuant to Title 18, United States Code, Section 3013, a mandatory special assessment fee in the amount of $100 will be imposed on the defendant as to each count.

   d. *Fines.* Pursuant to Title 31, United States Code, Section 5324(d)(2), a fine of no more than $500,000 can be imposed on the defendant.

   e. *Restitution.* In exchange for this Plea Agreement and the Government's dismissal of Counts 5 and 6 of the Indictment as to this Defendant at sentencing, which charge the Defendant with violations of Title 18, United States Code, Sections 1591, 2421, and 2, the parties agree that restitution in this case must be ordered to compensate the victims harmed by the commercial sex enterprise for the *full amount of their losses*, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3663A and other statutes. Restitution may include the amount of money that the victims of the commercial sex enterprise earned engaging in commercial sex during the course of the conspiracy, among other losses. This amount may exceed the loss attributable to the offense of conviction. The exact restitution figure will be agreed upon by the parties prior to sentencing, or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing.

  6. *Early Acceptance of Responsibility.* The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines,

based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; and/or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of her bond, and/or making false statements or misrepresentations to any governmental entity or official.

7. *Anticipated Guidelines.* The parties agree that, although not binding on the probation office or the Court and subject to the limitations in the last sentence to paragraph 4 of this Agreement, they will make the following recommendations to the Court at sentencing:

   a. The base offense level is 20 under U.S.S.G. §§ 2S1.3(a)(2) and 2B1.1(b)(1)(H), for an offense level 6 plus an additional 14 levels for an offense involving more than $550,000 but less than $1,500,000;

   b. A 2-level enhancement applies under U.S.S.G. § 2S1.3(b)(1)(A) because the defendant knew or believed that the funds were proceeds of unlawful activity; and

    c. A 2-level enhancement applies under U.S.S.G. § 2S1.3(b)(2) because the defendant was convicted of an offense under subchapter II of chapter 53 of title 31, United States Code, and committed the offense as part of a pattern of unlawful activity involving more than $100,000 in a 12-month period.

8. *Sentence will be determined by the Court.* The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant further understands and acknowledges that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. *Departure or Variance from the Sentencing Guidelines.* The defendant is aware and understands that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing

Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may ***not*** withdraw the guilty plea solely as a result of the sentence imposed.

10. *Forfeiture.* The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to all property, real or personal, involved in the commission of the offenses to which she is pleading guilty, and any property traceable to such property, pursuant to 31 U.S.C. § 5317(c)(1)(A), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

   a. directly forfeitable property, including, but not limited to, the real properties located at 4630 Sherwood Forest Drive, Delray Beach, Florida, and 4724 Franwood Drive, Delray Beach, Florida; and

   b. any identifiable substitute property.

11. *General Waivers Regarding Forfeiture.* The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. *Assistance from the Defendant.* The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct

or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. *Satisfaction of a Forfeiture Money Judgment.* In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

    a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of

assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

14. *Cooperation.* The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

15. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The defendant

understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

16. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

17. *Appellate Waiver.* The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of her right to appeal her sentence.

18. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the

Page **9** of **10**

statute(s) of conviction.

19. By signing this agreement, the defendant acknowledges that the defendant has discussed the appellate waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the manner described above was knowing and voluntary.

20. *Scope of the Agreement.* This agreement binds the defendant and the Southern District of Florida and is pertinent to this case only. The defendant understands that this agreement does not prohibit prosecution for other crimes outside of this case or crimes in other jurisdictions outside of the Southern District of Florida.

21. *Entire Agreement.* This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/16/2020   By: _____
JESSICA KAHN OBENAUF
ASSISTANT UNITED STATES ATTORNEY

Date: 12/15/20   By: _____
TARA KAWASS
ATTORNEY FOR DEFENDANT

Date: 11/16/2020   By: Hanah Chan
HANAH CHAN
DEFENDANT

Page 10 of 10