**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Broward Division**

**CASE NO. 19-CR-20804-AHS**

**UNITED STATES OF AMERICA,**
      *Plaintiff*,

vs.

**HANAH CHAN,**
      *Defendant.*
_____/

**SENTENCING MEMORANDUM AND REQUEST FOR A DOWNWARD VARIANCE**

Hanah Chan, by and through her undersigned counsel and pursuant to 18 USC § 3553, hereby submits this Sentencing Memorandum in order to demonstrate to this Court that, in addition to the approximately thirteen (13) months which she has already served in the Federal Detention Center prior to her release, she should be sentenced to a term of home confinement, and/or supervised release.

**BACKGROUND**

Ms. Chan was charged initially, along with two codefendants, in two counts of a six-count indictment filed on December 6th, 2019. (ECF No. 14). She was charged in count five (5) with one count of Sex Trafficking by Fraud and Coercion, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), and was also charged in count six (6) with one count of Transportation of an Individual for Prostitution, in violation of Title 18, United States Code, Section 2421. On June 6th, 2020, the government filed a superseding information as to Ms. Chan, adding one (1) count of Conspiracy to Structure Transactions to avoid reporting requirements, in violation of Title 18, United States Code, Section 371, and one (1) count of Structuring a Transaction to avoid reporting

requirements, in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2) and Title 18, United States Code, Section 2. (ECF No. 73). On January 6th, 2021, pursuant to a written plea agreement, Ms. Chan pled guilty to the charges in the superseding information and the government agreed to seek dismissal of counts five and six of the Indictment, as to Ms. Chan, at the time of sentencing. (ECF No. 95). On January 15th, 2021, Ms. Chan was interviewed at the Federal Detention Center by U.S. Probation and a Presentence Investigation Report ("PSR") was prepared and filed on February 10th, 2021. (ECF No. 105).

Ms. Chan is in agreement with the Presentence Investigation Report in that her total offense level is 21 with a corresponding guideline range of 37-46 months. However, Ms. Chan respectfully disagrees with paragraph 134 of the PSR, as there are other factors that warrant a downward departure and/or variance the in this case.

### SECTION 5K2.0 FACTORS SUPPORT A DOWNWARD VARIANCE

The Court should downward depart from the guideline range of 37-46 months because Ms. Chan committed these offenses due to "serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." USSG § 5K2.12. Pursuant to USSG § 5K2.0(a)(1)(A), the Court may depart from the advisory guideline range if there are mitigating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." *See also* USSG §5K2.0(a)(2).

Around 2010, when Ms. Chan was just 21 years old, she was recruited into William Foster's ("Foster") organization by B.C., a government witness. Ms. Chan first met Foster when she was living in New York. At this time in her life, Ms. Chan was having problems at home with

her family who raised her in a fairly strict household. B.C. befriended Ms. Chan and invited her to come to South Florida and live with Foster. Ms. Chan believed she was moving to South Florida to work for a clothing company owned by Foster. Once Ms. Chan moved into Foster's home in South Florida, B.C., along with other individuals, coerced and groomed Ms. Chan into engaging into commercial sex and providing her earnings to Foster. As soon as she arrived in South Florida, Foster told Ms. Chan that he did not need her to help with his clothing company and that he wanted her to be an exotic dancer. Ms. Chan lived and worked under Foster's control from 2011 until her arrest in the present case on December 9th, 2019. Ms. Chan was a victim of the very same coercion and deception that all the other victims in this case suffered. This unusual and unique mitigating circumstance is of a kind that is not adequately taken into consideration in the formulation of the guidelines as it applies to Ms. Chan in this case. Although she did structure payments to avoid reporting requirements, it was done at the direction of Foster.

The PSR adequately lays out for the court the facts that support a finding that Ms. Chan was acting at the direction of Foster when she committed the criminal acts to which she has pled guilty to. (ECF No. 105). However, due to the sensitive nature of the details and circumstances in this case, Ms. Chan requests the right to present additional facts at the time of her sentencing hearing on March 18th, 2021.

Ms. Chan was incarcerated at the Federal Detention Center in Miami from December 9th, 2019, (the date she turned herself in) until she was released on January 21st, 2021, pursuant to an Unopposed Motion for her Release. (ECF No. 101). Ms. Chan was released on a Personal Surety Bond with Active Location Monitoring (ECF No. 102), and has abided by all the terms and conditions of her release. Since her release, Ms. Chan has reconnected with her family for

the first time in many years and she is slowly readjusting to a life that doesn't include either prison walls or the psychological walls created by Foster.

In addition to the extensive history provided to the Court in the PSR, Ms. Chan respectfully requests that this court consider the following additional facts and grant a downward variance to a sentence that does not include any further incarceration. Ms. Chan was arrested a few months before the World began experiencing the effects of the COVID-19 pandemic. Ms. Chan had never been incarcerated prior to her arrest in this case, and had to serve at least thirteen (13) months of incarceration under unprecedented, overly restrictive and harsh conditions. Ms. Chan's experience during her incarceration can only be likened to a prisoner sitting on death row, as there were countless lockdowns, beginning in and around April 2020, and Ms. Chan was unable to have any visits and had limited phone access. There were times when Ms. Chan had to go days without having access to a shower. Despite all these additional hardships, Ms. Chan did not have any disciplinary actions during her incarceration. This Court should consider the conditions that Ms. Chan had to endure while she was incarcerated during the pandemic when determining whether or not to impose a sentence that would include additional incarceration time.

## CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate ... the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81 (1996). Ms. Chan admittedly committed the crimes of Conspiracy to Structure Transactions to avoid reporting requirements and Structuring a Transaction to avoid reporting requirements. She does not seek to minimize her actions and knows full well they were wrong. We do, however, ask the Court to consider who Ms. Chan is today, what she had to endure to get to

where she is, and give her the opportunity to continue healing and begin to live a life free of Foster's control.

WHEREFORE, Ms. Chan respectfully and humbly requests this Court find an offense level of 21, with a corresponding criminal history of I, giving her an advisory guideline range of 37-46 months and further grant a downward variance and impose a sentence giving her credit for the 13 months of incarceration she has already served, followed by home confinement and/or supervised release.

Respectfully Submitted,

By: s/ Tara Kawass
Tara N. Kawass
Florida Bar No. 54494
Law Offices of Kawass, P.A.
780 Tamiami Canal Rd
Miami, FL 33144
Telephone: (305) 521-0490 Ext. 700

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF filing on this 24th day of February, 2021.

By: /s/ Tara Kawass
Tara N. Kawass